CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 19 2006

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

PAUL D. RHODES, )
   Plaintiff, )
)
v. ) Civil Action No. 7:05cv00578
)
P. SCARBERRY, )
   Defendant. ) By: Hon. Michael F. Urbanski
) United States Magistrate Judge

## REPORT AND RECOMMENDATION

Plaintiff Paul D. Rhodes, a Virginia inmate proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C § 1983, with jurisdiction vested under 28 U.S.C. §1343. Plaintiff alleges that since April of 2005 he has been served nutritionally inadequate and too small portions of food and that meals are often served on unsanitary trays. This matter is now before the court on defendant's motion for summary judgment. Upon review of the record the undersigned finds that Rhodes has not presented any issue of material fact and that the defendant is entitled to judgment as a matter of law and, thus, recommends that defendant's motion for summary judgment be granted. It is further recommended that this action be found to be frivolous, as it fails to state a cause of action on which relief can be granted, and therefore, should be considered a "strike" pursuant to 28 U.S.C. § 1915(g).

### I.

Rhodes alleges that since April of 2005, he has been repeatedly served meals which are nutritionally inadequate and often contain spoiled fruit. Rhodes further complains that at times the meals are served on "unsanitary" trays marred with cigarette burns. As a result of these

conditions, Rhodes alleges that he has lost weight and is suffering from continuing stomach problems.

In support of her motion for summary judgment, defendant attached Rhodes' institutional medical records. Those records reveal that since Rhodes' first complaint of stomach pain on March 27, 2005, he has been examined on 24 separate occasions by prison medical staff; he has had five separate blood analyses, a urinalysis, and x-rays related to his stomach complaints, all of which produced normal results; he has been prescribed at least three digestive aids related to the same; and although he complains of weight loss, his medical record indicates that in the last year he has lost less than three pounds.

On March 31, 2005, Rhodes was diagnosed him with gastrointestinal esophageal reflux disease ("GERD"), and prescribed Prilosec and Zantac. Additionally, Rhodes was tested for an H.Pylori infection, but was negative for any infection. Rhodes made no further complaint of stomach discomfort until June 27, 2005. On July 2, 2005, a second physical examination was conducted and Rhodes' Zantac prescription was increased. Additionally, although the prison physician did not discover any physical indication of disease, he ordered a Basal Metabolic Panel; that analysis indicated that all blood chemistries were within the normal range. Rhodes next complained of discomfort on July 30, 2005. Rhodes was examined the same day, but again there were no physical manifestations of Rhodes' alleged discomfort. However, the physician nonetheless ordered a complete blood analysis and x-rays of Rhodes' abdomen. Both produced negative or within the normal range results. On August 1, 2005, Rhodes again complained of stomach discomfort. He was examined on August 2, 2005, and further blood analysis, a CBC with a differential platelet assay, and a urinalysis were ordered, but again all results were

2

negative or within normal range. However, Rhodes continued to complain of stomach pain. He was examined again on August 10, 2005, his Zantac prescription was renewed, and he was prescribed Carafate. Thereafter, Rhodes made regular complaints of stomach discomfort, however, he continued to participate in recreation and showed no outward signs of discomfort. On September 2, 2005, a fifth complete blood analysis assay was conducted and again all results were normal.

## II.

Upon motion for summary judgment, the court must view the facts and the inferences to be drawn from those facts, in the light most favorable to the party opposing the motion. Ross v. Communications Satellite Corp., 759 F.2d 355 (4th Cir. 1985). Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). However, "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 47 U.S. 242 (1986).

When a motion for summary judgment is made and properly supported by affidavits, depositions, or answers to interrogatories, the adverse party may not rest on the mere allegations or denials of the adverse party's pleadings. Instead, the adverse party must respond by affidavits or otherwise and present specific facts showing that there is a genuine issue of disputed fact for trial. Fed. R. Civ. P. 56(e). If the adverse party fails to show a genuine issue of material fact, summary judgment, if appropriate, may be entered against the adverse party.

3

Rhodes alleges that the defendant has intentionally served nutritionally inadequate meals on unsanitary, cigarette burned trays. He further purports that as a result of these actions he is suffering from a stomach pains and "severe" weight loss. While the Eighth Amendment does protect prisoners from cruel and unusual living conditions, an inmate is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement, for, "[t]o the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). As a result, in order to state a claim of constitutional significance regarding prison conditions, Rhodes must show he sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25 (1993). Although Rhodes' claims ongoing stomach discomfort and weight loss, his medical record indicates that he has no physical manifestations of his discomfort; his daily activities, including recreation, have not been hindered by his alleged discomfort; and, since his complaints began, he has lost less than three pounds. Further, although Rhodes believes his stomach pain is related to the allegedly inadequate food and unsanitary trays, it is clear that institutional physicians have determined that any discomfort is attributable to his diagnosed gastrointestinal disorder, not the prison meals or trays on which they are served. Accordingly, as Rhodes has failed to establish that he in fact suffered any significant harm as a result of the alleged deficiencies in meals or unsanitary trays, the court finds that he is unable to establish that these conditions posed a serious threat. See Farmer v. Brennan, 511 U.S. 825 (1994); see also, Rish v. Johnson, 131 F.2d

4

1092, 1096 (4th Cir. 1997). For those reasons, the undersigned recommends that defendants' motion for summary judgment be granted.

### III.

Under 28 U.S.C. § 1915A(b)(1), the court may dismiss a complaint as frivolous or malicious if the court finds the complaint is based on indisputably meritless legal theories or claims whose factual contentions are clearly baseless. <u>Nasim v. Warden, Maryland House of Corrections</u>, 64 F.3d 951, 955 (4th Cir. 1995). As described above, the record reflects that plaintiff's claims are without legal merit. Rhodes factual allegations are nothing more than blatant exaggerations of a medical condition which has been diagnosed and for which he is actively receiving treatment, and which has had minimal impact on his daily activities and/or his general well being. Thus, there exists no factual basis for his claims. Accordingly, it is recommended that this action be dismissed as frivolous pursuant to 28 U.S.C.§ 1915A(b)(1) and this action be deemed a "strike" under 28 U.S.C. § 1915(g).

### IV.

For the reason stated above the court finds that the plaintiff has failed to present any issue of material fact and that the defendants are entitled to judgment as a matter. Accordingly, it is recommended that the defendant's motion for summary judgment be granted. It is further recommended that this action be found to be frivolous, as it fails to state a cause of action on which relief can be granted, and therefore, should be considered a "strike" pursuant to 28 U.S.C. § 1915(g).

The clerk is directed to immediately transmit the record in this case to the Honorable Samuel G. Wilson, United States District Judge. Both sides are reminded that pursuant to Rule

72(b), they are entitled to note objections, if they have any, to this Report and Recommendation within ten (10) days hereof. Any adjudication of fact or conclusions of law rendered herein by the undesigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C § 636(b)(1) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by the reviewing court as a waiver of such objection.

Further, the Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

Entered this  18  day of January, 2006.

/s/ Michael F. Urbanski
Michael F. Urbanski
United States Magistrate Judge